UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-60876-Civ-SEITZ
MAGISTRATE JUDGE P.A. WHITE

GERALD KLEPAREK,                      :

    Petitioner,                  :

v.                                    :        <u>REPORT OF</u>
                                               <u>MAGISTRATE JUDGE</u>
FLORIDA CIVIL COMMITMENT              :
CENTER,
                                      :
    Respondent.                  :
_____       :


## I. <u>Introduction</u>

Gerald Kleparek, a convicted state felon currently confined at the Florida Civil Commitment Center in Arcadia, Florida, filed a <u>pro</u> <u>se</u> petition for writ of habeas corpus pursuant to 28 U.S.C. §2254, challenging his convictions and sentences entered in Broward County Circuit Court Case No. 91-06107.

This Cause has been referred to the undersigned for consideration and report pursuant to 28 U.S.C. §636(b)(1)(B) and Rules 8 and 10 of the Rules Governing Section 2254 Cases in the United States District Courts.

For its consideration of the amended petition with supporting memorandum of law and attached documentary exhibits, the Court has the petitioner's response to an order regarding the limitations period, the respondent's response to an order to show cause with multiple exhibits, and the petitioner's reply.

## II. <u>Claims</u>

Kleparek raises the following grounds for relief:

1.  He received ineffective assistance of trial counsel in connection with the probation revocation proceedings due to counsel's misadvice regarding the sentence to be imposed.

2.  He received ineffective assistance of trial counsel in connection with the probation revocation proceedings due to counsel's failure to investigate the facts of the probation revocation charges.

3.  He received ineffective assistance of trial counsel in connection with the probation revocation proceedings, because his lawyer failed to object to the warrantless search and preserve the issue for direct appeal.

4.  He received ineffective assistance of trial counsel in connection with the probation revocation proceedings, because his lawyer failed to correct a misstatement of the law made by the trial court judge with regard to the appropriate sentence to impose.

5.  His due process rights were denied by the state courts during the postconviction proceedings.

6.  The entry of the resentencing order, with no resentence proceeding where he was present, violated his constitutional rights.

### III. <u>Procedural History</u>

Kleparek was charged by information filed on April 16, 1991, with armed kidnapping, armed indecent assault upon a child, indecent assault in the presence of a child, attempted indecent assault upon a child, and falsely personating a police officer. (DE# 20; Ex. 3). After jury trial, Kleparek was found guilty of the lesser included offenses of attempted kidnapping and indecent assault; guilty as charged of attempted indecent assault upon a child and falsely personating a police officer; and not guilty of indecent assault in the presence of a child. (DE# 20; Ex. 4). Kleparek was adjudicated guilty of the subject offenses and sentenced to a total term of imprisonment of twenty-two years. (DE# 20; Ex. 5, 6). Kleparek prosecuted a direct appeal from his convictions and sentences, and the Florida Fourth District Court of Appeal issued a written opinion, affirming the convictions but

2

reversing and remanding the case to the trial court for resentencing based upon the improper assessment of victim injury points. (DE# 20; Ex. 11). See also Kleparek v. State, 634 So.2d 1148 (Fla. 4 DCA 2004). Pursuant to the remand, the trial court on June 27, 1994, resentenced Kleparek to a total term of imprisonment of twelve years followed by a ten-year term of probation as to the conviction of falsely personating an officer (Count V). (DE# 20; Ex. 13). No appeal was taken from the newly imposed sentences. Records maintained by the Florida Department of Corrections indicate that Kleparek was released from confinement on July 3, 1997. See http://www.dc.state.fl.us.

Approximately four years after his release, Kleparek was charged with violating the terms and conditions of his probation by failing to file a full and truthful monthly report with his probation officer in that he had failed to indicate in his report that he had a telephone through BellSouth at his residence and for violating the law by making a harassing telephone call. Id. See also Amended Affidavit of Violation of Probation executed by Probation Officer David W. Coons on March 21, 2001; Amended Warrant. (DE# 20; Ex. 14, 21). During probation revocation proceedings conducted by the trial court on May 17, 2001, Kleparek admitted committing the charged violations. (DE# 20; Ex. 15). Consequently, his term of probation was revoked and he was sentenced to a fifteen-year term of incarceration to be followed by a five-year term of probation with special terms and conditions. (DE# 20; Ex. 15, 16, 17).

Immediately after the imposition of sentence, Kleparek began pursuing postconviction relief, challenging his probation revocation and resultant sentence. He first filed on May 19, 2001, a pro se motion to correct illegal sentence. (DE# 20; Ex. 18). The

trial court entered a written order on August 20, 2001, denying the motion as moot with regard to the request for additional jail time credit and denying the motion without prejudice to file a legally sufficient motion for postconviction relief pursuant to Fla.R.Crim.P. 3.850 regarding the attack on the length of the sentence. Id. After waiting approximately seven months, Kleparek filed on March 12, 2002, a pro se Rule 3.850 motion, subsequently amended, challenging his probation revocation and resultant sentence on the grounds of ineffective assistance of trial counsel and trial court error raised in the instant petition. (DE# 20; Ex. 19, 20). The state filed a comprehensive response with supporting exhibits, arguing that Kleparek was not entitled to postconviction relief. (DE# 20; Ex. 21). The trial court agreed with the state and entered a written order, summarily denying relief as to all claims, and denying Kleparek's motion for rehearing. (DE# 20; Ex. 22, 23, 24).

On appeal from the trial court's rulings, the Florida appellate court issued a written opinion, affirming the summary denial as to three claims and reversing as to other claims of ineffective assistance of trial counsel for supporting record attachments or an evidentiary hearing. (DE# 20; Ex. 30). See also Kleparek v. State, 891 So.2d 1214 (Fla. 4 DCA 2005).[1] Upon remand, Kleparek was appointed counsel and evidentiary proceedings were conducted first by the trial court judge who had presided over the probation revocation proceedings and then by a successor trial

---

[1] Specifically, the Florida appellate court held that the denial of claims which alleged that Kleparek entered his admission to allegations of violation of probation based on certain affirmative misadvice of his counsel, as to the sentencing guidelines range, the credit to which he would be entitled upon sentencing, and the length of sentence which would be imposed was erroneous without record attachments refuting them, or an evidentiary hearing. See also Kleparek v. State, 891 So.2d 1214 (Fla. 4 DCA 2005)(citations omitted).

court judge.[2] (DE# 20; Ex. 37, 38). The subject three claims were denied as meritless, and Kleparek's pro se motion for rehearing was denied. (DE# 20; Ex. 38, 39, 40). Kleparek prosecuted an appeal from the denial of postconviction relief and, after proceedings conducted pursuant to Anders v. California, 386 U.S. 738 (1967), the trial court's rulings were affirmed in a per curiam decision without written opinion. (DE# 20; Ex. 42-45). See also Kleparek v. State, 962 So.2d 916 (Fla. 4 DCA 2007)(table). The mandate issued on September 17, 2007, after Kleparek's motion for rehearing was denied. (DE# 20; Ex. 46, 47, 48).

Meanwhile, during the pendency of the Rule 3.850 proceedings, Kleparek filed on October 12, 2005, a pro se second motion to correct illegal sentence pursuant to Fla.R.Crim.P. 3.800(a), raising the ground presented here as claim six. (DE# 20; Ex. 49). The motion was summarily denied by order entered on June 23, 2006, except the Clerk of Court was directed to correct a scrivener's error. (DE# 20; Ex. 53). Kleparek also filed on December 20, 2005, a pro se motion to withdraw plea, arguing that he had improperly not been advised at the time of the probation revocation proceeding that he was subject to collateral consequences of his admissions (i.e., civil commitment pursuant to the Jimmy Ryce Act, Fla.Stat. §394.910). (DE# 20; Ex. 54). The state filed a thorough response, arguing that the motion to withdraw should be denied as without merit. (DE# 20; Ex. 56). The trial court summarily denied the motion to withdraw plea for the reasons expressed in the state's response which the court characterized as a "thorough recital of the issues and law." (DE# 20; Ex. 58). After Kleparek's motion for

---

[2]The initial trial court judge on November 18, 2005, recused himself from hearing the matter after evidentiary proceedings had been conducted due to the possibility that he might need to offer testimony as a witness in the case, thereby, requiring a successor judge and a second evidentiary hearing. (DE# 20; Ex. 34, 35, 36).

rehearing had been denied, he took an appeal from the denial of relief.[3] (DE# 20; Ex. 59, 60, 61, 62, 70, 71, 72, 73, 74). In a decision without written opinion issued on October 17, 2007, the Florida Fourth District Court of Appeal *per curiam* affirmed the trial court's denial of Kleparek's postconviction motion. (DE# 20; Ex. 75). <u>See also</u> <u>Kleparek v. State</u>, 968 So.2d 574 (Fla. 4 DCA 2007)(table). After Kleparek's motion for rehearing was denied the mandate issued on December 28, 2007. (DE# 20; Ex. 76, 77, 78).

While the above-reviewed state court proceedings were taking place, on September 13, 2006, the state filed a petition to have Kleparek declared a sexually violent predator. (DE# 20; Ex. 1). Soon thereafter, on September 28, 2006, the trial court lodged a detainer against Kleparek. <u>See</u> http://www.dc.state.fl.us. Kleparek was released from the custody of the Florida Department of Corrections on the subject convictions and sentences on October 1, 2006, to begin serving his five-year term of probation. <u>Id</u>. Upon his release from the Department of Corrections, Kleparek was transferred to a facility operated by the Department of Children and Families.[4] <u>See</u> http://www.dc.state.fl.us. On January 12, 2007, pursuant to the Jimmy Ryce Act,[5] the trial court found Kleparek to be a sexually violent predator and committed Kleparek to the

---

[3]Before the trial court's denial of the motion to withdraw, as amended, was affirmed by the Florida Fourth District Court of Appeals, various other state trial court and appellate court proceedings took place, which included mandamus and certiorari proceedings. <u>See</u> DE# 20; Ex. 63-9.

[4]Kleparek is currently confined in the Florida Civil Commitment Center. <u>See</u> http://www.dc.state.fl.us.

[5]Florida's Involuntary Civil Commitment of Sexually Violent Predators' Treatment and Care Act is commonly referred to as the "Jimmy Ryce Act". <u>See</u> <u>Fla.Stat</u>. §§394.910-.913. Pursuant to the Act, persons determined to be "sexually violent predators" by a court or a jury are required to be committed until such time as the person's mental abnormality or personality has so changed that it is safe for the person to be at large after that person's criminal incarceration has expired. <u>Fla.Stat</u>. §394.917(2).

Department of Children and Families. (DE# 20; Ex. 1). <u>See also</u> <u>Kleparek v. State</u>, 964 So.2d 225 (Fla. 4 DCA 2007).

## IV. <u>Threshold Issues</u>

Approximately six months after all state court postconviction proceedings had concluded with regard to the instant convictions and sentences had concluded, Kleparek came to this Court, instituting this <u>pro</u> <u>se</u> habeas corpus proceedings pursuant to 28 U.S.C. §2254. The respondent has filed a response to the petition, first asserting that dismissal of the petition for lack of jurisdiction is warranted, because Kleparek is not in custody pursuant to the convictions and sentences he is challenging. This argument is meritless. While it is true that Kleparek is not physically confined pursuant to the convictions and sentences he now challenges in this federal habeas corpus proceeding, this Court has jurisdiction. The courts have held that in the context of habeas proceedings, the "in custody" requirement may also be met where a petitioner is on probation, parole or bail. <u>Hensley v.</u> <u>Municipal Court</u>, 411 U.S. 345, 349 (1973). <u>See also</u> <u>Nash v. Purdy</u>, 283 F.Supp. 837, 838-39 (S.D.Fla. 1968). Kleparek is currently serving a term of probation and, therefore, remains "in custody" for federal habeas corpus purposes.

As to other procedural defenses, the respondent rightfully does not challenge the timeliness of this petition. <u>See</u> 28 U.S.C. §2244(d). The respondent further concedes that all claims of the instant petition, save grounds five and six, have been properly exhausted and not subject to any procedural bar, warranting review on the merits of these claims. <u>See</u> 28 U.S.C. §2254(b)(1) and (b)(1)(A)(A state prisoner's habeas corpus petition "shall not be granted unless it appears that----the applicant has exhausted the

remedies available in the courts of the State....").[6] <u>See
also</u> <u>Bailey v. Nagle</u>, 172 F.3d 1299, 1302-03 (11 Cir. 1999).[7] The
respondent asserts, however, that Petitioner is not entitled to
review on the merits of claims five and six. The procedural
defenses will be addressed below in conjunction with review of the
claims.

## V. <u>Standard of Review</u>

Petitioner filed his petition after April 24, 1996, the
effective date of the Antiterrorism and Effective Death Penalty Act
of 1996 (AEDPA), Pub.L. No. 104-132, 110 Stat. 1214 (1996).
Post-AEDPA law, therefore, governs this action. <u>Abdul-Kabir v.
Quarterman</u>, 550 U.S. 233, 127 S.Ct. 1654, 1664, 167 L.Ed.2d 585
(2007); <u>Penry v. Johnson</u>, 532 U.S. 782, 792, 121 S.Ct. 1910, 150
L.Ed.2d 9 (2001); <u>Davis v. Jones</u>, 506 F.3d 1325, 1331, n .9 (11
Cir. 2007). It is important to recognize just how limited is this
Court's review in a habeas proceeding. The Antiterrorism and

---

[6]An applicant's federal writ of habeas corpus will not be granted unless
the applicant exhausted his state court remedies. 28 U.S.C. §2254(b),(c). A claim
must be presented to the highest court of the state to satisfy the exhaustion of
state court remedies requirement. <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838 (1999);
<u>Richardson v. Procunier</u>, 762 F.2d 429, 430 (5 Cir. 1985); <u>Carter v. Estelle</u>, 677
F.2d 427, 443 (5 Cir. 1982), <u>cert.</u> <u>denied</u>, 460 U.S. 1056 (1983). A petitioner is
required to present his claims to the state courts such that they are permitted
the "opportunity to apply controlling legal principles to the facts bearing upon
[his] constitutional claim." <u>Picard v. Connor</u>, 404 U.S. 270-275-77 (1971).
Exhaustion is ordinarily accomplished on direct appeal. If not, in Florida, it
may be accomplished by the filing of a Rule 3.850 motion, and an appeal from its
denial, <u>Leonard v. Wainwright</u>, 601 F.2d 807, 808 (5 Cir. 1979), or, in the case
of a challenge to a sentence, by the filing of a Rule 3.800 motion, and an appeal
from its denial. <u>See</u> <u>Caraballo v. State</u>, 805 So.2d 882 (Fla. 2 DCA 2001).

[7]A procedural-default bar in federal court can arise in two ways: (1) when
a petitioner raises a claim in state court and the state court correctly applies
a procedural default principle of state law; or (2) when the petitioner never
raised the claim in state court, and it is obvious that the unexhausted claim
would now be procedurally barred in state court. <u>Bailey v. Nagle</u>, 172 F.3d 1299,
1302-03 (11 Cir. 1999). In the first instance, the federal court must determine
whether the last state court rendering judgment clearly and expressly stated that
its judgment rested on a procedural bar. In the second instance, the federal
court must determine whether any future attempt to exhaust state remedies would
be futile under the state's procedural default doctrine. <u>Id</u>. at 1303.

Effective Death Penalty Act of 1996 (AEDPA), Pub.L .No. 104-132, 110 Stat. 1214 (1996), provides that a federal court may not grant the writ unless the state court adjudication on the merits either:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254(d).

As the United States Supreme Court explained in <u>Williams v. Taylor</u>, 529 U.S. 362, 412-13 (2000):

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

In deciding whether a state court ruling involved an "unreasonable application" of federal law, this Court does not focus merely upon whether the state court decision was erroneous or incorrect; rather, this Court may issue a writ of habeas corpus only if the state court's application of clearly-established federal law was objectively unreasonable. *See id*. at 409-11. <u>See also</u> <u>Knowles v. Mirzayance</u>, ___ U.S. ___, 129 S.Ct. 1411, 1418 (2009).

The statutory phrase "clearly established Federal law" "refers to the holdings, as opposed to the dicta, of [the U.S. Supreme] Court's decisions as of the time of the relevant state-court decision." <u>Williams v. Taylor</u>, 529 U.S. at 412, 120 S.Ct. at 1523

(majority opinion by O'Connor, J.). Further, "a state court's decision is not 'contrary to ... clearly established Federal law' simply because the court did not cite [Supreme Court] opinions.... [A] state court need not even be aware of [Supreme Court] precedents, 'so long as neither the reasoning nor the result of the state-court decision contradicts them.'" Mitchell v. Esparza, 540 U.S. 12, 16 (2003)(quoting Early v. Packer, 537 U.S. 3, 7-8 (2002). Moreover, findings of fact by the state court are presumed correct, and the petitioner bears the burden of rebutting that presumption of correctness by clear and convincing evidence. See 28 U.S.C. §2254(e)(1); Crowe v. Hall, 490 F.3d 840, 844 (11 Cir. 2007), cert. denied, ___ U.S. ___, 128 S.Ct. 2053 (2008).

VI. Discussion

A. Ineffective Assistance of Trial Counsel

Kleparek claims that he received ineffective assistance of trial counsel for four enumerated reasons. To prevail on a claim of ineffective assistance, a petitioner must demonstrate both that his attorney's efforts fell below constitutional standards, and that he suffered prejudice as a result. Strickland v. Washington, 466 U.S. 668 (1984). See also Hill v. Lockhart, 474 U.S. 52 (1985).[8] A

---

[8]The Sixth Amendment guarantees a defendant the right to the effective assistance of counsel. U.S. Const. Amend. VI. In order to prevail in this habeas corpus proceeding on her claim of ineffective assistance of counsel, the petitioner must make a particularized showing of an identifiable lapse in counsel's performance which falls below constitutional standards, and the petitioner must establish that the error was prejudicial, that is, but for counsel's error, there is a reasonable probability that the ultimate result would have been different. Strickland v. Washington, 466 U.S. 668 (1984). Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim. Id. In assessing whether a particular counsel's performance was constitutionally deficient, courts indulge a strong presumption that counsel's conduct falls within the wide range of reasonable assistance. Id. at 689. The court need not address both prongs of the Strickland standard if the complainant has made an insufficient showing on one. In the context of a case in which guilty pleas are entered, application of the second prong of the two-pronged standard of Strickland requires a showing that there is a reasonable probability that but for counsel's errors, the petitioner would not have pleaded guilty and would have insisted on going to trial. Hill v. Lockhart,

habeas court's review of a claim under the *Strickland* standard is "doubly deferential." <u>Knowles v. Mirzayance</u>, ____ U.S. ____, 129 S.Ct. 1411, 1418, 173 L.Ed.2d 251 (2009), *citing*, <u>Yarborough v. Gentry</u>, 540 U.S. 1, 5-6, 124 S.Ct. 1, 157 L.Ed.2d 1 (2003)(per curiam). The relevant question "is not whether a federal court believes the state court's determination under the *Strickland* standard was incorrect but whether that determination was unreasonable-a substantially higher threshold." <u>Id</u>. (citations omitted). Finally, "because the *Strickland* standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard." <u>Id</u>.

Kleparek alleges in ground one that his lawyer rendered ineffective assistance during the probation revocation proceedings in that he provided misadvice regarding the sentence to be imposed pursuant to an open plea to the court. Specifically, he contends that trial counsel relied upon an incorrect sentencing guidelines scoresheet, indicating that his sentencing guidelines range was twelve to twenty-seven years when it was, instead, seven to seventeen years. This claim was raised and rejected as meritless by the state courts, after evidentiary proceedings.

The record reveals that during the state postconviction proceedings, Kleparek maintained that his lawyer incorrectly advised him that he faced a sentencing range of 12-27 *months* instead of 12-27 *years*. <u>See</u> Motion for Postconviction Relief at 10-1. (DE# 20; Ex. 19). During the evidentiary hearing conducted in the postconviction proceedings, where Kleparek was represented by counsel, Kleparek testified that he had improperly been advised that the sentencing range was in months, rather than years. <u>See</u>

---

474 U.S. 52 (1985).

Transcript of evidentiary hearing conducted on November 18, 2005, at 25; Transcript of evidentiary hearing conducted on March 31, 2006, at 14. (DE# 20; Ex. 33, 36). He also testified that his lawyer told him that he would receive a sentence at the low end of the guidelines of twelve years and serve not more than one year of that sentence based upon credit for time served and gaintime credits. <u>See</u> Transcript of evidentiary hearing conducted on November 18, 2005, at 25, 49-50. During his testimony, Kleparek admitted that he knew that the term was in fact for years and not months, as he had been advised by the trial court during the revocation proceeding. <u>See</u> Transcript of evidentiary hearing conducted on November 18, 2005, at 45-6. He further testified that before the plea proceeding commenced, he was aware that he faced a term of imprisonment of "12 to 27 years," having been so advised by his probation officer.[9] <u>See</u> Transcript of evidentiary hearing conducted on March 31, 2006, at 14, 26.

During the proceedings, former trial counsel testified that he was certain that Kleparek knew what he faced before entering his open plea to the court. <u>See</u> Transcript of evidentiary hearing conducted on March 31, 2006, at 25. Counsel testified that he clearly remembered the facts of this case, and he recalled an informal discussion with the prosecutor and Kleparek before the formal proceeding commenced regarding the possible sentence to be

---

[9]Kleparek testified during the evidentiary hearing that before the change of plea proceeding commenced on May 17, 2001, he had a discussion with his probation officer. <u>See</u> Transcript of evidentiary hearing conducted on March 31, 2006, at 26. Regarding his possible sentence for violating the conditions of his probation, Kleparek testified in pertinent part:

> So, Mr. Coombs [sic], my probation officer, said to me that you are in a very high range, 12 to 27, I think, and there is nothing I can do as well as the Judge's hands being tied because he must sentence you in a number of years within that range and that was the first time I heard the term "years."

<u>Id</u>.

imposed in the case. Id. at 25-6. During that discussion, the prosecutor mistakenly referred to "months" rather than "years," but within seconds corrected the misstatement. Id. Trial counsel further testified that he properly advised Kleparek that pursuant to the applicable sentencing guidelines scoresheet he was facing a term of imprisonment of 12 to 27 years,[10] and that Kleparek was aware of the sentencing range. Id. at 30.

After having reviewed the transcript of the initial evidentiary hearing, and having listened to the testimony of Kleparek and former trial counsel, the successor trial court judge analyzed the claim pursuant to the applicable standard established in Strickland v. Washington, 466 U.S. 688 (1984) and then denied relief on the instant claim. See Order Denying Defendant's Motion for Post-Conviction Relief at 1-2. (DE# 20; Ex. 37). The trial court during the initial evidentiary proceeding pointed out that Kleparek had acknowledged that he knew that he was facing 12-27 years' imprisonment. See Transcript of evidentiary hearing conducted on November 18, 2005, at 25, 46-8. The successor trial court judge also found that during the evidentiary proceedings Kleparek "admitted on the stand that he knew the guidelines were 12-27 years, as opposed to 12-27 months, before he took the plea." Id. at 2. With such finding, the successor trial court ruled that Kleparek could not satisfy the prejudice-prong of Strickland. The trial court's ruling was affirmed by the state appellate court. See Kleparek v. State, 962 So.2d 916 (Fla. 4 DCA 2007)(table).

Thorough review of the record in this case yields no suggestion that the trial court's findings of fact made during the

___

[10] See Sentencing Guidelines Scoresheet. (Exhibit attached to Response to Defendant's Motion for Post-Conviction Relief Pursuant to Rule 3.850, Fla.R.Crim.P.)(DE# 20; Ex. 21).

state postconviction proceeding where the subject issue was raised, which findings were approved by the state appellate court, were not supported by the record or were otherwise deficient.[11] The findings must, therefore, be presumed correct by this Court.[12] 28 U.S.C. §2254(e). While the claim as raised in the instant federal proceeding is somewhat different from the claim raised in the postconviction proceedings, the findings of the state court remain equally applicable in this federal proceeding. When presuming the findings of fact as correct, where the state trial court clearly rejected Kleparek's claim and testimony as incredible, the claim is meritless. It is apparent from the record that, even if Kleparek had been misadvised as to his possible sentence, he was certainly aware before proceeding with the open plea that he was facing a possible term of imprisonment of 12 to 27 years,[13] not some other

---

[11]It is noted that a copy of the transcript of the probation revocation proceedings is not part of the record here. This is because the transcript of the plea colloquy is unavailable, having been destroyed by a fire at the court reporter's home before the state court evidentiary proceedings were conducted. See Transcript of evidentiary hearing conducted on November 18, 2005, at 3-4, 8, 12; Order of recusal entered on November 18, 2005. (DE# 20; Ex. 34, 35, 43-4).

[12]Federal courts in habeas corpus proceedings are required to grant a presumption of correctness to state court's explicit and implicit findings of fact, if supported by the record. Green v. Johnson, 160 F.3d 1029, 1045 (5 Cir. 1998), cert. denied, 525 U.S. 1174 (1999). Thus, even where the state courts make no express findings, federal courts reviewing petitions for habeas corpus are entitled to "reconstruct the findings of the state trier of fact, either because his view of the facts is plain from his opinion or because of other indicia." Fike v. James, 833 F.2d 1503, 1505-06 (11 Cir. 1987), quoting, Townsend v. Sain, 372 U.S. 293, 314 (1963), overruled in part on other grounds, Kenney v. Tamayo-Reyes, 504 U.S. 1 (1992). Accordingly, if it is clear that the trial court would have granted the relief sought by the petitioner had it believed the testimony of certain witnesses, "its failure to grant relief was tantamount to an express finding against the credibility of [those witnesses]." Marshall v. Lonberger, 459 U.S. 422, 433 (1983), citing, LaVallee v. Delle Rose, 410 U.S. 690 (1973).

[13]The original trial court judge during the initial evidentiary proceedings addressed Kleparek and made the following observation:

By my question is how can you possibly say you would be prejudiced or how could you say you rely on something you knew to be wrong. Let's just assume that your counsel did misadvice [sic] you for the sake of argument, you knew it, you were told by two people, you knew it wasn't the case and you even heard it from the judge at sentencing. Obviously, how can you say, oh, it

14

sentencing range, and that the correct sentencing guidelines scoresheet was used in this case to determine the lawful sentencing range. Trial counsel's performance was, therefore, not constitutionally ineffective, as alleged. See Strickland, supra. See also Hill v. Lockhart, 474 U.S. 52 (1985).

Kleparek claims in ground two that he received ineffective assistance of trial counsel in connection with the probation revocation proceedings, because his lawyer failed to investigate the facts of the probation revocation charges and, if he had done so, the investigation would have revealed a second telephone call and that finding would have supported his claim that someone other than himself had made the charged harassing telephone call. In related ground three, he claims that his lawyer failed to object to the warrantless search of his home on the ground that it was based on the pretense of searching for weapons or drugs when the true basis of the search was for evidence linking him to the charged harassing telephone call and the search was unduly intrusive. He also claims that trial counsel improperly failed to preserve the issue for direct appeal.

Kleparek is not entitled to federal habeas corpus relief on these claims. The traditional rule is that a defendant's plea of guilty made knowingly, voluntarily, and with the benefit of

---

was unfair, I relied on something I knew beforehand was wrong. How are you prejudiced?

(Transcript of evidentiary proceeding conducted on November 18, 2005, at 44). Kleparek's apparent attempt to answer the question was rejected without any further discussion. Id. at 44-5. It is again noted that the trial court judge presiding over the probation revocation and resultant proceedings was the same judge who presided over the initial evidentiary proceedings. Where the judge presiding over the trial proceedings. or here probation revocation proceedings, is the same judge presiding over the post conviction proceedings, the presumption of correctness afforded the findings of fact of the state court is particularly strong. See May v. Collins, 955 F.2d 299, 314 (5 Cir.), cert. denied, 504 U.S. 901 (1992).

competent counsel, waives all nonjurisdictional defects in the proceedings. <u>United States v. Broce</u>, 488 U.S. 563 (1989). <u>See also</u> <u>Barrientos v. United States</u>, 668 F.2d 838, 842 (5 Cir. 1982). As the Supreme Court has explained:

> A guilty plea represents a break in the chain of events which had preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.

<u>Tollett v. Henderson</u>, 411 U.S. 258, 267 (1973). Exceptions to the general rule are those cases which are constitutionally infirm because the government has no power to prosecute them at all, which is not applicable to this case. <u>See</u> <u>Broce</u>, 488 U.S. at 574-575.

Thus, a voluntary guilty plea constitutes a waiver of all non-jurisdictional defects in the proceeding up to that point. The waiver also extends to claims of ineffective assistance of counsel that do not attack the voluntariness of the guilty plea. <u>See</u> <u>Bradbury v. Wainwright</u>, 658 F.2d 1083, 1087 (5 Cir. 1981), <u>cert</u>. <u>denied</u>, 456 U.S. 992 (1982). <u>See also</u> <u>United States v. Bohn</u>, 956 F.2d 208, 209 (9 Cir. 1992)(per curiam)(holding that pre-plea ineffective assistance of counsel claims are also waived by guilty plea). Petitioner's claim that counsel failed to conduct a proper investigation into the facts of the case, which investigation would have revealed the second telephone call, and failed to pursue any defenses do not relate to the voluntariness of the plea and, even if his claims could be so construed, there is absolutely no indication in the record that his admissions of guilt were not entered knowingly and voluntarily and full review of the record clearly indicates otherwise.

During the initial evidentiary proceeding, former trial

counsel testified as follows:

Q.   Let me ask you one last question. Did the - - did [Kleparek] ever say to you that - - or indicate in any way that he - - see if I can quote his words: initially wanted to plead not guilty to the charges. Did he - - did he - - was he saying he wanted to go to trial on this violation of probation? Did he have a defense to it?

A.   Well, that's - -

Q.   Did he want to take a plea and move on?

A.   That's a two-part question: did he ever - - he may have initially tried to - - but, again, he never actually communicated to me. But he would [stay] quiet. I asked him: do you want to fight it?  And he would stay quiet. So: all right, tell me - - because of the evidence, I remember very well it was overwhelming against him.

And now that you tell me it was 15 - - I thought it was 20 years. He got an unbelievably good deal, considering what he was facing. But we certainly talked about it. I told him what the evidence was going to be, and he was - - you're right, we got to take this. And he took it. There wasn't even - - he didn't - - he was hedging.

Once we talked about it, he wanted to take it, and plea colloquy will [sic] have reflected that.

Q.   That's my question. He wasn't ambiguous or - -

A.   No.

Q.   - - uncertain about wanting to accept the plea?

A.   Not when it came to do it, no.

(Transcript of evidentiary hearing conducted on March 31, 2006, at 34-5).[14] Contrary to Kleparek's assertion, by the time of the plea

---

[14]While this Court does not have a copy of the transcript of the plea proceeding, the existing record appears to indicate that during the plea colloquy, where Kleparek was presumably under oath, Kleparek expressly apprised the trial court that he in fact wanted to admit his guilt to the subject probation revocation charges and not proceed to a probation revocation hearing where he would have the right to present a defense to the charges. Sworn statements made in connection with the entry of the guilty pleas carry a strong presumption of truthfulness and pose a formidable barrier in subsequent

proceeding, counsel had conducted an investigation into the facts of the case and that trial counsel discussed the evidence against him.

It is pointed out that even if grounds two and three were reviewable, Kleparek would not be entitled to relief in that his claims are meritless. See Strickland v. Washington, 466 U.S. 668 (1984). See also Hill v. Lockhart, 474 U.S. 52 (1985). Kleparek alleges that he learned six months after he admitted committing the subject probation revocation charges that the recipient of the harassing telephone call had received a second such call and that second call had been made from a different location on a different date.[15] Such alleged evidence in no way demonstrates that Kleparek did not make the subject initial harassing telephone call and that he had a viable defense to that charge.[16] Further, Kleparek does not challenge the other probation revocation charge, failing to file a

---

collateral proceedings. See Blackledge v. Allison, 431 U.S. 63, 74 (1977); Kelley v. Alabama, 636 F.2d 1082, 1084 (5 Cir. Unit B. 1981).

[15]Effective assistance of counsel embraces adequate pretrial investigation. See Strickland v. Washington, 466 U.S. 668, 691 (1984)(stating that "counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." See also McCoy v. Newsome, 953 F.2d 1252, 1262-63 (11 Cir. 1992) and cases cited therein. Accordingly, "[w]hen a lawyer fails to conduct a substantial investigation into any of his client's plausible lines of defense, the lawyer has failed to render effective assistance of counsel." Id. at 1263, quoting, House v. Balkcom, 725 F.2d 608, 615, 617-18 (11 Cir.), cert. denied, 469 U.S. 870 (1984). To determine whether the investigation was reasonable, the court "must conduct an objective review of [counsel's] performance, measured for reasonableness under prevailing professional norms, which includes a context-dependent consideration of the challenged conduct as seen from counsel's perspective at the time." Wiggins v. Smith, 539 U.S. 510, 523 (2003)(citation and quotation marks omitted).

[16]It is also noted that this self-serving assertion is wholly conclusory with not substantiation whatever in the record. Absent supporting evidence in the record, a court cannot consider a habeas petitioner's mere assertions on a critical issue in his pro se petition to be of probative value. See Tejada v. Dugger, 941 F.2d 1551, 1559 (11 Cir. 1991) (recognizing that a petitioner is not entitled to habeas relief "when his claims are merely 'conclusory allegations unsupported by specifics' or 'contentions that in the face of the record are wholly incredible'")(citation omitted)). See also Ross v. Estelle, 694 F.2d 1008, 1011-12 (5 Cir. 1983).

truthful report. Thus, he cannot satisfy the prejudice prong of *Strickland* in that failure to earlier obtain the subject information would have had no impact on the outcome of the proceeding.[17]

As to the search of Kleparek's apartment, there is no indication whatever that the search in this particular case was unlawful. Moreover, the United States Supreme Court has held that a suspicionless search of a parolee conducted pursuant to state law does not violate the Constitution, <u>Samson v. California</u>, 547 U.S. 843, 126 S. Ct. 2193 165 L.Ed.2d 250 (2006), and a warrantless search of the probationer's home without probable cause is reasonable under the Fourth Amendment under a lesser standard of

---

[17]All that is required for revocation of probation is that the evidence and facts reasonably demonstrate that the person's conduct has not been as good as required by the terms and conditions of his release. <u>See</u> <u>Mack v. McCune</u>, 551 F.2d 251, 254 (10 Cir. 1977). A criminal prosecution is governed by the reasonable doubt standard, while the state's burden of proof in a revocation proceeding is considerably less. The two are therefore different. <u>See</u> <u>Villareal v. United States Parole Commission</u>, 985 F.2d 835, 839 (5 Cir. 1993). Similarly, Florida law is clear that a probation revocation hearing is more informal than a criminal trial, and the burden of proof is less because only the conscience of the court must be satisfied. <u>Cuciak v. State</u>, 410 So.2d 916 (Fla. 1982). The ultimate facts necessary to convict a defendant of a criminal offense and those necessary to establish a probation violation are not the same. <u>Russ v. State</u>, 313 So.2d 758 (Fla.), <u>cert. denied</u>, 423 U.S. 924 (1975). In Florida, to meet its burden in a violation of probation proceeding, the state need only demonstrate by a preponderance of the evidence that the defendant committed the subject offense. <u>See</u> <u>Miller v. State</u>, 661 So.2d 353, 354 (Fla. 4 DCA 1995). As it is a lesser standard than is required to prove the criminal charge, a probationer's term of probation may be revoked regardless of whether he was ever charged or convicted of any particular new offense. <u>See</u> <u>Mempa v. Rhay</u>, 389 U.S. 128 (1967)(holding that revocation of probation may be based on the alleged commission of offenses for which the accused is never tried); <u>United States v. Jolibois</u>, 294 F.3d 1110, 1114 (9 Cir. 2002)(upholding a revocation of supervised release based upon actual conduct where the defendant was not prosecuted for that conduct). <u>See also</u> <u>State v. Jenkins</u>, 762 So.2d 535 (Fla. 4 DCA 2000)(holding that affidavit of probation violation did not have to be dismissed on the ground that the state had nolle prossed the assault charge that was the basis for the violation of probation, as nolle prosequi at most meant that the state did not have sufficient evidence to meet its burden of proving guilt beyond a reasonable doubt, which was a higher standard than was required to prove the probation violation). A court at a revocation proceeding must conclude from the weight of the evidence only that a substantial violation of probation occurred. <u>Wheeler v. State</u>, 344 So.2d 630 (Fla. 2 DCA 1977).

reasonable suspicion where the terms of probation included consent to a warrantless search. See United States v. Knights, 534 U.S. 112, 122 S.Ct. 587, 151 L.Ed.2d 497 (2001). The Florida courts have similarly held. See e.g., Bamberg v. State, 953 So.2d 649 (Fla. 2 DCA 2007); Greenwood v. State, 754 So.2d 158 (Fla. 1 DCA 2000). Accordingly, the search was lawful based upon Kleparek's probationary status[18] and Kleparek's lawyer did not render ineffective assistance when he failed to pursue a meritless motion, challenging the search and the fruits of the seach. See Knowles v. Mirzayance, __ U.S. __, 129 S.Ct. at 1421-22 (stating that Court has never required defense counsel to pursue every claim or defense, regardless of its merit, viability, or realistic chance for success). See also Chandler v. Moore, 240 F.3d 907, 917 (11 Cir. 2001)(counsel is not ineffective for failing to raise a non-meritorious objection); Card v. Dugger, 911 F.2d 1494, 1520 (11 Cir. 1990).

Kleparek claims in ground four that he received ineffective assistance of trial counsel, because his lawyer failed to correct a misstatement of the law made by the trial court judge with regard to the amount of time he would actually serve based upon an award of credit for time served and an award of gain time credit. Kleparek alleges that based upon the trial court's erroneous belief of the amount of time he would actually serve on his sentence, the trial court decided against sentencing him to the lesser term of imprisonment of twelve years, the lower end of the guidelines as sought by trial counsel. Kleparek states that trial counsel should have advised the court that his previously earned gain time credits were subject to forfeit based upon the revocation of probation.

---

[18]See e.g., Order of Supervision at 2, ¶5. (providing that probationer Kleparek was required to "submit to a warrantless search to [his] person, residence and vehicle"). (Exhibit attached to Response to Defendant's Motion for Post-Conviction Relief Pursuant to Rule 3.850, Fla.R.Crim.P.)(DE# 20; Ex. 21).

Former trial counsel David Sale extensively testified during the second evidentiary hearing regarding his conversations with Kleparek about the amount of time he would serve on the sentence imposed by the trial court. See Transcript of evidentiary hearing conducted on March 31, 2006, at 28-34. Sale testified that he was well-aware that a defendant before the court on probation revocation proceedings is entitled to credit towards his sentence for all actual time spent in jail before the revocation proceeding. Id. He testified that he discussed the applicable credits with Kleparek and never told him that he was entitled to credit for the full prior sentence before his release (i.e., twelve years). Id. Sale testified that he advised Kleparek that he would only receive the amount of credit for which he was entitled pursuant to Florida law and that neither the state nor the trial court could change that amount. Id. at 30. When asked if he told Kleparek that he would only serve one-year in prison, trial counsel unequivocally answered: "Absolutely not." Id. at 32. Sale further testified that when Kleparek indicated that he was only required to serve one-year in prison, he firmly corrected the misimpression. Id. at 32-3. Sale also testified that he advised Kleparek that he could possibly serve only three years of his sentence if his sentence was reduced by one-third based upon gaintime, but he never guaranteed any definite length of imprisonment and told Kleparek that gaintime would be calculated by the Department of Corrections, not the court. Id. at 33-4. The record reveals that Kleparek received all jail time credit for which he was entitled. See Sentence entered on May 17, 2001. (DE# 20; Ex. 15).

After all evidentiary proceedings had been conducted, the trial court denied relief on this claim, finding former trial counsel Sale's testimony credible that Kleparek had never been told

by counsel that he would receive 12 years' credit, or that he would only serve one year in prison. <u>See</u> Order Denying Defendant's Motion for Post-Conviction Relief at 2. (DE# 20; Ex. 37). Based upon the record before this Court, where counsel accurately advised Kleparek of the credits which affected the length of his sentence and that the trial court could not alter the award of jail time credits,[19] it is clear that Kleparek was well-aware of the consequences of entering his admission even if the trial court misstated the law with regard to jailtime credits.[20] Accordingly, trial counsel's performance cannot be deemed constitutionally ineffective in that Kleparek was not prejudiced by the counsel's alleged failure to correct the trial court's misstatement of the law regarding credits. <u>See</u> <u>Strickland</u>, <u>supra</u>.

It cannot be overlooked that in return for his open plea to the court, Kleparek received a much-reduced total sentence than what he otherwise might have received. While he did not receive a sentence at the bottom of the sentence guidelines of twelve years, as he had sought, he received a fifteen-year term where he faced a possible twenty-seven year sentence. The entry of the open pleas as to the probation violation charges in the instant case was clearly in the best interest of the petitioner. Even if this Court were to accept as true the theme of Kleparek's petition that the sentencing guidelines scoresheet filed on July 27, 1994, was the appropriate scoresheet to use in this case, it is not reasonable based upon the

---

[19]As a result of the probation revocation, gaintime that had been earned before release to supervision is revoked. <u>See</u> <u>Fla.Stat.</u> §§944.28(1).

[20]It is noted that an attorney's "good faith but erroneous prediction of a sentence ... does not render the guilty plea involuntary." <u>Johnson v. Massey</u>, 516 F.2d 1001, 1002 (5 Cir.1975). <u>See also</u> <u>United States v. Stumpf</u>, 827 F.2d 1027, 1030 (5 Cir. 1987)("a defendant's reliance on his attorney's erroneous prediction of leniency is not sufficient to render a guilty plea involuntary"); <u>United States v. Harmon</u>, 139 F.3d 899 (5 Cir. 1998)(finding that the defendant could not "claim that his guilty plea was involuntary based upon his attorney's erroneous prediction about the length of the sentence").

record here that he would have received a lower sentence. In fact, he would have most likely received a greater sentence in that it appears that the original sentencing guidelines scoresheet had been improperly calculated to the detriment of Kleparek as compared to the scoresheet actually used in this case. The primary offense on the older scoresheet was listed as indecent assault, giving Kleparek a total of 206 points, while the correct primary offense was instead falsely personating a police office, giving Kleparek 133 points. See Sentencing Guidelines Scoresheet filed June 27, 1994; Sentencing Guidelines Scoresheet filed on May 17, 2001. (Exhibits attached to Petitioner's Memorandum of Law)(DE# 2). See Transcript of evidentiary hearing conducted on November 18, 2005, at 43-4. Nevertheless, the fifteen-year term of imprisonment imposed by the court pursuant to the open plea did not exceed the now-alleged proper maximum, seventeen years. In conclusion, it is clear from the record when viewed as a whole that the petitioner received able representation more than adequate under the Sixth Amendment standard with regard to the admission of guilt to the probation revocation charges and resultant sentence. Hill v. Lockhart, 474 U.S. 52 (1985); Strickland v. Washington, 466 U.S. 668 (1984).

In conclusion, it is apparent that Kleparek's admission of guilt to the probation revocation charges was entered freely, voluntarily and knowingly with the advice received from competent counsel. Accordingly, the trial court's determinations during the postconviction proceedings that Kleparek was not entitled to relief on the same or essentially the same claims raised in this federal proceeding, which determinations were affirmed by the state appellate court, were not in conflict with clearly established federal law or based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

Relief must be denied pursuant to 28 U.S.C. §2254(d).  Williams v. Taylor, 529 U.S. 362 (2000). See also  Knowles v. Mirzayance, 129 S.Ct. at 1420.

### B. Denial of Due Process

Kleparek claims in ground five that his due process rights were denied by the state courts during the postconviction proceedings.[21] Specifically, he alleges that the pertinent and accurate sentencing guidelines scoresheet filed in the case was missing, resulting in the trial court relying upon an inaccurate and fraudulent sentencing guidelines scoresheet when disposing of his claims. He also alleges that the state misled the court with regard to the missing transcript of the probation revocation proceedings conducted on May 17, 2001. Kleparek is not entitled to habeas corpus relief on this claim.

There is no evidence whatever that the revocation of probation and resultant sentence in this case was based upon false documents and/or misconduct on the part of the trial court or prosecutor.[22] Further, it is clear from the record that, even if the earlier used

---

[21]The respondent first asserts that this claim has not been properly exhausted before the state courts. It appears from full review of the record that this claim was essentially presented to the state courts. Kleparek indicates in his reply that he pursued this claim after the filing of the initial petition, but no supporting records have been provided to this Court. This Court notes, however, that even if some or part of the claim presented here as ground five is technically unexhausted, since the claim is meritless, it will best serve the interest of judicial economy not to further belabor the exhaustion issue and to exercise the discretion now afforded by Section 2254, as amended by the AEDPA, which permits a federal court to deny on the merits a habeas corpus application containing unexhausted claims. See 28 U.S.C. §2254(b)(2)("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."). See also Hope v. Crosby, 2006 WL 290516, *7 (N.D.Fla. January 10, 2006).


[22]It is undisputed that a state's knowing use of materially false evidence in criminal prosecution is violative of due process principles. See Giglio v. United States, 405 U.S. 150, 153 (1972); Napue v. Illinois, 360 U.S. 264, 269 (1959).

sentencing guidelines scoresheet was missing from the record at the time of the revocation proceedings and/or postconviction proceedings, the above-discussion indicates that an accurately calculated and lawful sentencing guidelines scoresheet was filed at the time of the revocation proceeding and Kleparek was certainly aware of the appropriate sentencing guidelines range, resulting in the proper denial of postconviction relief for the reasons stated above. See also Sentencing Guidelines Scoresheet filed May 17, 2001. (Exhibit attached to Response to Defendant's Motion for Post-Conviction Relief Pursuant to Rule 3.850, Fla.R.Crim.P.)(DE# 20; Ex. 21). Further, even if the earlier sentencing guidelines scoresheet had been available, it is apparent from review of the record as a whole, that Kleparek would not have received a lesser sentence than imposed by the trial court. Regarding the missing transcript, again there is no support in the record of prosecutorial misconduct. The transcript of the evidentiary hearing where both the prosecutor and postconviction counsel discussed the missing transcript and the trial court's recusal order indicates otherwise.

Kleparek has failed to demonstrate that his constitutional rights were violated in connection with the entry of his admission of guilt on the probation revocation charges and his due process rights were certainly not violated in the state postconviction proceeding. See Parke v. Raley, 506 U.S. 20, 31, 113 S.Ct. 517, 121 L.Ed.2d 391 (1992)(citing Johnson v. Zerbst, 304 U.S. 458, 468-69, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938)). He is not entitled to habeas corpus relief on ground five.[23]

---

[23]In the event that the state courts did not address the exact constitutional claim raised in this federal petition on the merits, the standard established by the AEDPA would not be applicable, requiring a de novo review. See Cone v. Bell, ___ U.S. ___, 129 S.Ct. 1769, 1784 (2009), citing, Rompilla v. Beard, 545 U.S. 374, 390, 125 S.Ct. 2456, 162 L.Ed.2d 360 2005)(de novo review where state courts did not reach prejudice prong under Strickland v. Washington,

C. <u>Unlawful Sentence</u>

Kleparek alleges in his final claim, ground six, that the entry of the resentencing order on or about October 23, 2006, with no resentence proceeding where he was present, violated his constitutional rights. As correctly asserted by the state, this claim has not been properly exhausted in the state courts. In Florida, in the case of a challenge to a sentence, exhaustion is accomplished by the filing of a Rule 3.800 motion, and an appeal from its denial. <u>See</u> <u>Caraballo v. State</u>, 805 So.2d 882 (Fla. 2 DCA 2001). While Kleparek did raise the claim in his second motion to correct illegal sentence, he failed to take an appeal from the trial court's ruling. Kleparek appears in his reply to concede lack of exhaustion. <u>See</u> Petitioner's Reply to Response at 28. (DE# 22).

When a federal habeas petition raises a claim that has not been exhausted in state proceedings, the district court ordinarily must either dismiss the petition, "leaving the prisoner with the choice of returning to state court to exhaust his claims or of amending or resubmitting the habeas petition to present only exhausted claims to the district court," <u>Kelley v. Sec'y for Dept. of Corr</u>., 377 F.3d 1317, 1351 (11 Cir. 2004), or grant a stay and abeyance to allow the petitioner to exhaust the unexhausted claim. <u>See</u> <u>Rhines v. Weber</u>, 544 U.S. 269, 277-79, 125 S.Ct. 1528, 1535-36, 161 L.Ed.2d 440 (2005). However, "when it is obvious that the unexhausted claims would be procedurally barred in state court due to a state-law procedural default, [the district court] can forego the needless 'judicial ping-pong' and just treat those claims now

466 U.S. 668 (1984)); <u>Wiggins v. Smith</u>, 539 U.S. 510, 534, 123 S.Ct. 2527, 156 L.Ed.2d 471 (2003) (same).  <u>See also</u> <u>Romine v. Head</u>, 253 F.3d 1349, 1365 (11 Cir. 2001), <u>cert</u>. <u>denied</u>, 535 U.S. 1011 (2002). When conducting such review, Kleparek is not entitled to federal habeas corpus relief on his due process claim in that the ground is meritless for the reasons expressed herein.

barred by state law as no basis for federal habeas relief." <u>Kelley</u>, 377 F.3d at 1351. The unexhausted claim should be treated as if procedurally defaulted in that there is no longer a remedy in state court, because the time to obtain an appeal from the trial court's order entered on June 23, 2006, has long passed. <u>See</u> <u>Bailey</u>, 172 F.3d at 1302. Since Kleparek has failed to demonstrate objective cause for the failure to properly exhaust the claim in the state courts and actual prejudice resulting from the error complained of, the claim is procedurally barred in this Court. <u>See</u> <u>Coleman v. Thompson</u>, 501 U.S. 722, 750-51 (1991); <u>United States v. Frady</u>, 456 U.S. 152, 168 (1982); <u>Wainwright v. Sykes</u>, 433 U.S. 72 (1977). Moreover, application of the bar is appropriate in this case, because Kleparek has not established that a fundamental miscarriage of justice will result from application of the bar in that he has failed to meet the high standard of factual innocence. <u>See</u> <u>House v. Bell</u>, 547 U.S. 518, 538 (2006)(holding actual innocence requires substantive review only in extraordinary cases). <u>See also</u> <u>Dretke v. Haley</u>, 541 U.S. 386, 392-93, 124 S.Ct. 1847 (2004). Consequently, Kleparek is not entitled to habeas corpus review on the merits of claim six.

It is noted that even if the claim were not procedurally barred, Kleparek would not be entitled to relief on this claim. There was no resentencing here; the trial court merely directed the Clerk to "issue a new Court Sentencing Disposition Order indicating the sentence being imposed on Count V, rather than Count IV." (Order Denying Defendant's Motion to Correct Illegal Sentence and Directing Clerk to Correct Scrivener's Error)(DE# 20; Ex. 53). Correcting an error in the existing sentence was clearly ministerial in this case. The Court Sentencing Disposition Order entered May 17, 2001, correctly identified the sentence imposed as pertaining to Count V. (DE# 20; Ex. 15). When it was later

discovered that the written sentence order completed by the Clerk inadvertently referred to the wrong offense, a corrected written sentence order was entered on March 4, 2005, *nunc pro tunc* to May 17, 2001. As such, the ministerial task did not constitute a critical stage entitling Kleparek to be present when the order was entered. See United States Jackson, 923 F.2d 1494, 1496 (11 Cir. 1991)(holding that the correction of an illegal sentence does not constitute a resentencing requiring the presence of the defendant, so long as the modification does not make the sentence more onerous). See also Murphy v. Secretary, Dept. of Corrections, 2007 WL 187705, *5 , n.1 (M.D.Fla. 2007), quoting, Nickerson v. State, 927 So.2d 114 (Fla. 2 DCA 2006)(stating that a defendant in Florida need not be present or represented by counsel when the purpose of a resentencing is the performance of a ministerial-type function or the correction of a clerical error). This claim, therefore, is entirely without merit.

## VII. Conclusion

For the foregoing reasons, it is recommended that this petition for writ of habeas corpus relief be denied.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

SIGNED this 14th day of August, 2009.

_____

UNITED STATES MAGISTRATE JUDGE

cc:  Gerald Kleparek, Pro Se
     #990903
     Florida Civil Commitment Center
     13613 S.E. Highway 70
     Arcadia, FL 34266-7829

Mark J. Hamel, AAG
Office of the Attorney General
Department of Legal Affairs
1515 North Flagler Drive, #900
West Palm Beach, FL 33401