UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 08-60876-CIV-SEITZ/WHITE



GERALD KLEPAREK,

       Petitioner,

v.

FLORIDA CIVIL COMMITMENT CENTER,

       Respondent.

_____/

## ORDER ADOPTING REPORT AND CLOSING CASE

THIS CAUSE is before the Court on the Report of Magistrate Judge [DE-26]. In that Report, Magistrate Judge White recommends that Petitioner's Amended Petition [DE-10] be denied. Petitioner has filed Objections [DE-28] and Supplemental Authority [DE-29]. Having conducted a de novo review of the record, for the reasons set forth below, the Court adopts and affirms the recommendations in the Magistrate's Report.

Petitioner's petition arises out of the 2001 revocation of his probation after he pled guilty to probation violations. After pleading guilty, Petitioner received a 15 year sentence and 5 years of probation.[1] The petition essentially asks the Court to set aside his guilty plea to probation violations on the grounds that the score sheet used to calculate the sentence for the violation was incorrectly totaled to 27 years. If it had been correct, he could have gotten a maximum of 17 years. If he had known that he could have gotten such a long sentence, he would have gone to trial because he did not commit the violations. The petition sets forth six grounds for relief: (1)

---

[1] In 1994, Petitioner was sentenced to 12 years of imprisonment and 10 years of probation after his conviction for attempted kidnapping, indecent assault, attempted indecent assault upon a child, and falsely personating a police officer. In 2006, the State petitioned to have Petitioner declared a sexually violent predator. On January 12, 2007, pursuant to the Jimmy Ryce Act, the trial court found Petitioner to be a sexually violent predator and committed him to the Department of Children and Family.

ineffective assistance of counsel in connection with the probation revocation proceedings based on counsel's misadvice regarding the sentence to be imposed; (2) ineffective assistance of counsel in connection with the probation revocation proceedings based on counsel's failure to investigate the facts of the probation revocation charges; (3) ineffective assistance of counsel in connection with the probation revocation proceedings based on counsel's failure to object to a warrantless search; (4) ineffective assistance of counsel in connection with the probation proceedings based on counsel's failure to correct a misstatement of law made by the trial court judge with respect to the appropriate sentence to impose; (5) violation of Petitioner's due process rights during the state court post-conviction proceedings, particularly regarding the guidelines score sheet and the missing probation hearing transcript; and (6) violation of his constitutional rights when he was not present for a resentencing hearing and entry of the resentencing order.

The Magistrate's Report details the factual and procedural background, correctly summarizes the applicable legal standard, and recommends that claims one through five be denied as lacking merit and claim six be denied as lacking merit and as procedurally barred because Petitioner failed to exhaust his state court rights. A review of Petitioner's Objections demonstrates that the Objections simply make the same arguments Petitioner made in his Amended Petition. Petitioner has failed to demonstrate, much less substantiate, a material factual error by the Magistrate and cites virtually no law in support of his arguments.

**A. Ineffective Assistance of Counsel**

Petitioner's first four claims are ineffective assistance of counsel claims. In order to establish an ineffective assistance of counsel claim, Petitioner must prove that: (1) counsel's representation of Petitioner fell below an objective standard of reasonableness, and (2) the

deficient performance prejudiced the Petitioner. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). Petitioner has failed to make such a showing as to claims one through four because he cannot show that he suffered any prejudice as a result of counsel's alleged actions.

As to his first claim, Petitioner objects to the Magistrate's finding that Petitioner was misadvised as to the sentence that could be imposed if Petitioner chose to contest his violation of probation.[2] In his objections, Petitioner asserts that the misadvice was based on the fact that he was told that he could receive up to 27 years,[3] which he asserts is incorrect. However, the Magistrate Judge correctly found that Petitioner still received a much lower total sentence than he might otherwise have received. Thus, Petitioner was not prejudiced by any alleged misadvice by counsel as to the potential sentence that Petitioner could receive.

Petitioner also objects to the Magistrate's finding that Petitioner was not prejudiced by the use of an incorrect scoresheet. However, the Magistrate found, and Petitioner has not shown otherwise, that the scoresheet used actually resulted in a lower sentence than Petitioner would have received if the scoresheet that Petitioner believes should have been used was used. Thus, Petitioner has not shown that he suffered any prejudice. Petitioner further asserts that the Magistrate erred in finding that the trial court's findings of fact were supported by the record.

---

[2]Petitioner also points to a factual error in footnote 13 of the Magistrate's Report regarding who was questioning Petitioner at the November 18, 2005 evidentiary hearing before the trial court judge. While the Report quotes a portion of the hearing, it erroneously states that the quoted portion of the hearing is questioning by the judge. In fact, the portion quoted is questioning by the Assistant State Attorney. However, Petitioner has failed to explain how this erroneous attribution is material or changes, or should change, the outcome or the Magistrate's findings.

[3]In the Report the Magistrate discusses that at the state court level there were some issues about whether Petitioner was advised that he could receive 27 months, versus 27 years. However, that issue was resolved at the state court level and Petitioner's Objections make it clear that this is not currently an issue. *See* Objections, p. 8.

Petitioner asserts that a material misrepresentation was made to the trial court. While not clear from the Objections, it appears that Petitioner is arguing that the scoresheet used for his sentencing in June 1994 was missing from the Court file. However, Petitioner has not specified how this prejudiced him.

Turning to the second claim, Petitioner also objects to the Magistrate's finding that counsel conducted a thorough investigation of the probation revocation charges, specifically those involving a phone call. However, as the Magistrate's Report points out, there were two bases for the probation revocation, the charged harassing phone call and the failure to file a truthful report. Either basis justified the revocation. Although Petitioner states in his Objections that the failure to file a truthful report was not a willful or substantial violation of his probation, Petitioner has failed to establish any facts showing that it was not willful or substantial or explained why willfullness is relevant to the probation violation. Furthermore, Petitioner has not shown how this alleged lack of willfullness on his part establishes ineffective assistance of counsel. Consequently, because Petitioner does not challenge the second basis, he cannot establish that he suffered any prejudice.

As to his third claim, Petitioner asserts that the Magistrate relied on an incorrect document in finding that Petitioner had consented to warrantless searches as part of his probation. The record filed in this matter includes the Order of Supervision, which is signed by both the Judge and Petitioner. *See* E-20, Ex. 16. In that Order of Supervision, Petitioner expressly agreed to "submit to a warrantless search of your person, residence and vehicle." Thus, contrary to Petitioner's assertions, he agreed to a warrantless search and therefore, Petitioner's counsel had no basis for objection to the search.

### B. Unexhausted Claims

Last, Petitioner objects to the Magistrate's recommendation that his last two claim be dismissed for failure to exhaust state court remedies. However, Petitioner concedes in his objections that he has not exhausted his state court remedies. Furthermore, contrary to Petitioner's assertions, the alleged "resentencing" was not an actual resentencing but the correction of a scrivener's error in the original sentence to correctly reflect the count for which the sentence was being imposed. *See* DE-20, Ex. 53.[4] Such a ministerial task does not require a hearing or the presence of the defendant. *See Nickerson v. State*, 925 So. 2d 114, 117 (Fla. 2d DCA 2006) (stating that "a defendant need not be present or represented by counsel when the purpose of a resentencing is the performance of a ministerial-type function or the correction of a clerical error"). Consequently, Petitioner's last claims, that his constitutional rights were violated because he was not present for a resentencing hearing and entry of the resentencing order, are dismissed.

### C. An Evidentiary Hearing is Not Required

While Petitioner did not request an evidentiary hearing in his amended petition, he appears to be asking for one in his Objections. An evidentiary hearing is not required whenever a § 2254 petition is filed. The factual determinations made by the State court are presumed correct. 28 U.S.C. § 2254(e)(1). A court need only hold an evidentiary hearing if the Petitioner's claims rely on a new rule of constitutional law or a factual predicate that could not have been previously discovered through the exercise of due diligence and the facts underlying

---

[4]Both the Magistrate's Report and the Objections refer to the resentencing as occurring on March 4, 2005. However, the Order Directing the Clerk to Correct Scrivener's Error contained in the record is dated June 23, 2006. *See* DE-20, Ex. 53.

the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2254(e)(2). Petitioner has made no such claims. Therefore, he would not be entitled to an evidentiary hearing even if he properly sought one.

Having carefully reviewed, *de novo*, Magistrate Judge White's thorough Report, the record, the Objections, and the Supplemental Authority, it is hereby

ORDERED that:

(1) The above-mentioned Report of Magistrate Judge [DE-26] is AFFIRMED and ADOPTED, with the noted correction, and incorporated by reference into this Court's Order;

(2) Petitioner's Objections [DE-28] are OVERRULED;

(3) Petitioner's Amended Petition [DE-10] is DENIED;

(4) All pending motions not otherwise ruled upon in this Order are DENIED AS MOOT; and

(5) This case is CLOSED.

DONE AND ORDERED at Miami, Florida, this 28th day of June, 2010.

*[signature]*
PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc:   Magistrate Judge White
      Counsel of Record/*Pro se* parties